Appellant Robert Lyon is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted the Stark County Department of Human Services' ("Agency) motion for permanent custody.
The Agency first became involved with the Lyon family in January 1997. At that time, appellant's wife, Michelle Lyon, left the battered women's shelter she had been staying at with her five minor children. After leaving the shelter, Michelle Lyon left the children with various relatives. Appellant Robert Lyon was unable to care for the children, at that time, as he had entered a psychiatric ward. The Agency filed a complaint, on January 13, 1997, alleging the children were neglected and dependent and requested a change of legal custody of the children to various relatives.
On March 11, 1997, the Agency requested the trial court to grant temporary custody of the Lyon children to the Agency, at the request of the various relatives. The relatives informed the Agency that they could not care for the children because the children were sexually acting out. The trial court granted custody of the Lyon children to the Agency. The trial court conducted an adjudicatory hearing on April 4, 1997. The trial court found that Michelle Lyon had been provided money, food and other supplies but had failed to use these items for the benefit of her children. The trial court found the children to be neglected and dependent and awarded temporary custody to the Agency.
The trial court adopted a case plan which required appellant and Michelle Lyon to attend Quest for substance abuse treatment and submit to random urine tests, attend Goodwill Parenting to improve parenting issues, and obtain stable, independent housing. Additionally, the case plan also required appellant to receive a psychological evaluation and attend counseling. The trial court conducted a semi-annual review in July 1997. At that time, appellant had not complied with any aspect of the case plan, other than an intake appointment at Westcare. The Agency requested an extension of temporary custody on December 12, 1997. The trial court granted the Agency's request on January 21, 1998.
On February 2, 1998, the Agency filed a motion for permanent custody due to the parents' failure to comply with the case plan. The trial court conducted a hearing on the Agency's motion for permanent custody on June 1, 1998. Based on the evidence presented, at this hearing, the trial court granted permanent custody, to the Agency, on June 16, 1998. Appellant Robert Lyon timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY ALLOWING MARGE KAZLAUSKAS TO TESTIFY AT TRIAL WHEN SHE WAS PRESENT IN THE COURT ROOM DURING THE ENTIRE TRIAL, WAS NOT NAMED A PARTY DESIGNATED BY THE DEPARTMENT OF HUMAN SERVICES AND THE COURT HAD PREVIOUSLY ORDERED A SEPARATION OF WITNESSES.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 III. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant contends, in his first assignment of error, the trial court erred when it permitted Marge Kazlauskas, a social worker from the Agency, to testify after she remained in the court room, during the course of the trial, even though the trial court had ordered a separation of witnesses. We disagree.
Evid.R. 615 governs the separation of witnesses and provides:
Evid. R. 615. EXCLUSION OF WITNESSES
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.
A trial court has broad discretion in ruling on evidentiary matters. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not reverse the trial court's decision to permit Marge Kazlauskas to testify unless we find the trial court abused its discretion. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When the attorney for the Agency called Marge Kazlauskas as a witness the following discussion occurred on the record:
 MR. RUDEBOCK: Your Honor, at this time I would (sic) Marge Kazlauskas to the stand.
 MS. POWERS: Your Honor, I'm going to object to her being called, I'm not sure if it's proper but I'm going to object anyway because we requested a separation of witnesses which was granted. Mr. Kurtz could have sat in since he was testifying first. She's been present and heard all of the testimony this morning and that may in some way color her judgment.
 THE COURT: Well first of all, the objection should have been made, she's been the designation of the Department, I'm going to overrule your objection and I'm going to note for the record that if you need to make this objection, you need to make it when you know that they're present, not at this time, so the Court's going to overrule that.
 MS. POWERS: Your Honor, at that point I wasn't certain that she would be testifying, she hadn't been called yet.
 THE COURT: Well I think it was testified at the introduction that she was the case worker on the case that was introduced so I think Counsel is aware of that basis.
* * *
 THE COURT: The objection is overruled. Tr. at 44-45.
We find the trial court did not abuse its discretion when it permitted Marge Kazlauskas to testify. At the beginning of the trial, Attorney Rudebock introduced Marge Kazlauskas as the family service worker present on behalf of the Agency. Tr. at 4. Therefore, pursuant to Evid.R. 615, subsection (2), the attorney for the Agency designated Marge Kazlauskas as the representative of the Agency for purposes of the permanent custody hearing. Further, appellant's attorney knew Marge Kazluaskas was present, in the courtroom, but did not object to her presence until the attorney for the Agency sought to call her as a witness. We agree with the trial court's conclusion that appellant's counsel should have objected during the introduction of the parties to the trial court.
Appellant's first assignment of error is overruled.
 II, III
We will address appellant's second and third assignments of error simultaneously as both concern whether the trial court's decision is supported by the manifest weight and sufficiency of the evidence. Appellant contends, in his second assignment of error, that the trial court's conclusion that the minor children could not be placed with him within a reasonable amount of time is against manifest weight and sufficiency of the evidence. Appellant maintains, in his third assignment of error, that the trial court's conclusion that the best interest of the children would be served by the granting of permanent custody, to the Agency, is also not supported by the manifest weight and sufficiency of the evidence. We disagree with both assignments of error.
As an appellate court, we do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based upon this standard that we review appellant's second and third assignments of error.
In his second assignment of error, appellant challenges the trial court's conclusion, under R.C. 2151.414(B)(1), that the children are not abandoned or orphaned and cannot be placed with either parent within a reasonable time or should not be placed with his or her parents. In support of this conclusion, under R.C. 2151.414(B)(1), the trial court cited three grounds contained in R.C. 2151.414(E). These grounds are as follows:
 (1) Following the placement of the children outside their home, the parents have failed continuously and repeatedly for a period of six (6) months to substantially remedy the conditions causing these children to be placed outside their home.
 (2) The parents have demonstrated a lack of commitment toward their children by failing to regularly support, visit or communicate with them when able to do so.
 (3) The parents, by their actions, are unwilling to provide food, clothing, shelter and other basic necessities for these children.
We find the evidence introduced at the hearing supports the trial court's conclusions under R.C. 2151.414(B) and R.C.2151.414(E). Appellant testified he had resided in the one bedroom apartment only two months prior to the hearing. Tr. at 6. Appellant stated that he never attended parenting classes or Quest. Tr. at 7-8. Appellant also claimed his former social worker, Phillip Kurtz, informed him that he did not need to go to Quest. Tr. at 8. Appellant also stated he did not go to parenting classes because nobody ever returned his phone call regarding the classes. Id. Appellant claimed he visited, with his children, on a regular basis except for the last couple of months. Tr. at 10. Appellant admitted that he recently had an outstanding warrant for his arrest due to domestic violence but stated the trial court dismissed the charges because Michelle Lyon failed to appear in court. Tr. at 11-12.
Appellant's former social worker, Phillip Kurtz, testified that he was assigned to the Lyon case from January 23, 1997, to February 10, 1998. Tr. at 14. The case plan Phillip Kurtz prepared for the Lyon family required appellant to receive an evaluation at Quest, stabilize his psychological issues, attend Goodwill Parenting, and obtain housing. Tr. at 15, 17. Mr. Kurtz testified that appellant failed to attend Quest. Tr. at 18. Mr. Kurtz further testified that appellant visited with his children about once a month from January to July 1997. Tr. at 19. From November 1997, to February 1998, appellant again only visited with his children about once a month. Id. Mr. Kurtz observed good interaction between appellant and his children during the visits, however, there was little evidence of bonding between appellant and the youngest three children. Tr. at 20-21.
Colleen Miller, the Goodwill parenting skills supervisor, testified that appellant was scheduled for an intake appointment in February 1997, but failed to appear and never rescheduled the appointment. Tr. at 39. Finally, Marge Kazlauskas, the on-going social worker, testified that she had been assigned to the case on February 10, 1998. Tr. at 46. She only had one contact with appellant and that occurred on May 14, 1998, at the Harmony House visit. Id. Ms. Kazlauskas also testified as to the best interest of the children. She stated the Agency placed the children in three different foster homes and that two of the foster homes were willing to adopt the children. Tr. at 55. The foster parents indicated a willingness to encourage sibling contact, even after adoption. Id. Further, none of the children have special needs or behavioral problems. Tr. at 54-55.
Based upon the above evidence, we find the trial court's decision that the minor children could not be placed with appellant within a reasonable time and that the best interest of the children would be served by granting permanent custody is not against the manifest weight of the evidence.
Appellant's second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.